Richard E. Swinehart, Esq. Informal Opinion County Attorney No. 98-44 County of Seneca P. O. Box 299 Seneca Falls, N Y 13148-0299
Dear Mr. Swinehart:
You have asked whether a conflict of interests results when the County's Building Code Enforcement Officers also serve as members of the County's Fire Investigation Team. You have stated that it is "entirely possible" that as Fire Investigators these individuals would investigate the origin of a fire in a building that previously has either been inspected and/or permitted by them in their capacity as Building Code Enforcement Inspectors.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
In our view, a person should not simultaneously hold both the position of County Building Code Enforcement Inspector and County Fire Investigator. They are incompatible because there is a conflict of duties between the two positions. In prior opinions of this office, we have found that positions are incompatible where the holder of one is empowered to review decisions made by the holder of the other position. Op Atty Gen (Inf) No. 93-3. A fire inspector in investigating a fire will examine whether the cause was a violation of the fire and building code. If the fire inspector, when acting as building inspector, issued a permit allowing occupancy of the building, there could be a reluctance to make the appropriate finding. A finding, even if proper, that causation is unknown or unrelated to any code violation, reasonably could be suspect in the view of the general public because of the conflict of duties. An appearance of impropriety reasonably could occur even if a colleague performs the fire investigation on the building. The collegial relationship could call into question the accuracy of any report and create an appearance of partiality. Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
We conclude that a county fire investigator should not also serve as a building inspector in the county.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions